14-1582
*Jermaine Swaby v. People of the State of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand fifteen.

PRESENT:  AMALYA L. KEARSE,
          BARRINGTON D. PARKER,
          RICHARD C. WESLEY,
                    *Circuit Judges.*

_____

JERMAINE SWABY,

                          *Petitioner-Appellant,*

        -v.-                           No. 14-1582

PEOPLE OF THE STATE OF NEW YORK,

                          *Respondent-Appellee.*

_____

For Petitioner-Appellant:           JOEL B. RUDIN, Law Offices of Joel B. Rudin, New York, NY.

For Respondent-Appellee: CAMILLE O'HARA GILLESPIE, Assistant District Attorney (Leonard Joblove, Solomon Neubort, Assistant District Attorneys, *on the brief*), *for* Kenneth P. Thompson, District Attorney of Kings County, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Vitaliano, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

Petitioner-Appellant Jermaine Swaby appeals the April 7, 2014, Judgment of the district court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Swaby was convicted after a jury trial on May 21, 2002, in New York State Supreme Court, Kings County, of murder in the second degree for shooting Shane Reynolds in the head five times. He was sentenced principally to a term of imprisonment of twenty-five years to life. At his trial, Swaby did not deny shooting Reynolds, but rather claimed that he acted in self-defense after Reynolds charged at and struggled with him outside a Brooklyn nightclub after the two, and others, had been involved in a fistfight in the club.

Swaby unsuccessfully appealed his conviction. He then collaterally attacked his conviction pursuant to New York Criminal Procedure Law § 440.10,

2

alleging that he received ineffective assistance of counsel because his trial attorney Michael C. Harrison, *inter alia*, failed to consult with a forensic examiner, brought out on direct examination Swaby's use of a knife in a prior robbery, and acted offensively and bizarrely throughout the trial. Following the trial court's denial of the § 440.10 motion and the Second Department's denial of leave to appeal, Swaby filed this petition for a writ of habeas corpus in the district court.

A defendant's claim for ineffective assistance of counsel is evaluated pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance, a defendant must (1) show that counsel's representation "fell below an objective standard of reasonableness," and (2) "affirmatively prove prejudice" by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 693–94.

The district court held that Harrison's performance was deficient in failing to consult and possibly retain a forensic expert and in introducing evidence of Swaby's prior robbery, and that the state court was unreasonable in concluding otherwise. *See Swaby v. People of the State of N.Y.*, No. 06-CV-3845 (ENV), 2014

WL 1347204, at *13–16 (E.D.N.Y. Mar. 31, 2014).  However, the district court

determined that Swaby did not suffer prejudice as a result of those deficiencies.

*Id*.  The district court thus denied habeas relief, but issued a certificate of

appealability limited to the issues of ineffectiveness with respect to introduction

of the robbery evidence and failure to consult with a forensic expert.  Swaby

moved before this Court to expand the certificate of appealability.  We granted

that motion to allow Swaby to argue the cumulative effects of his trial counsel's

alleged errors.

This Court reviews de novo the district court's denial of a habeas petition

pursuant to 28 U.S.C. § 2254.  *See Jones v. West*, 555 F.3d 90, 95–96 (2d Cir. 2009).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), we apply a highly deferential standard for evaluating the state court

determination if the claim has been adjudicated on the merits by the state court,

for the petitioner must show that the state court's decision was contrary to or

involved an unreasonable application of the standard established by *Strickland*,

or was based on an unreasonable determination of the facts.  *See* 28 U.S.C. §

2254(d)(1)–(2); *Harrington v. Richter*, 562 U.S. 86, 100–01 (2011).  A state court's

determination that a claim lacks merit precludes federal habeas relief so long as

4

"fairminded jurists could disagree" on the correctness of the state court's decision. *Richter*, 562 U.S. at 101 (internal quotation marks omitted). Where the habeas claim is ineffective assistance of counsel, the standard for evaluating the state court's rejection of the claim is "doubly" deferential, for "[e]ven under *de novo* review, the standard for judging counsel's representation is a most deferential one." *Id*. at 105 (internal quotation marks omitted).

We note that with respect to Swaby's claim that he was denied constitutionally effective assistance of counsel because his trial attorney did not seek a forensics expert, the district court—before rejecting that claim for failure to establish the *Strickland* prejudice prong—held that Swaby had met his burden under the *Strickland* performance prong. The district court held that "the [state] court's finding that counsel acted reasonably in deciding not to investigate the forensics related to Clarke's testimony was clearly unreasonable," *Swaby*, 2014 WL 1347204, at *15, because "*no deference is owed to strategic decisions made after a less than complete investigation*," *id*. (emphasis added). We conclude that this ruling by the district court did not apply the *Strickland* principles as established by the United States Supreme Court. "There is a 'strong presumption' that counsel's attention to certain issues to the exclusion of others reflects trial tactics

5

rather than 'sheer neglect.'" *Richter*, 562 U.S. at 109 (quoting *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) (per curiam)). Although a failure to seek an expert would constitute objectively substandard performance if the attorney believed expert assistance was necessary but failed to hire an expert because he was inexcusably unaware of a law that permitted him to request appropriate funds to do so, *see Hinton v. Alabama*, 134 S. Ct. 1081, 1088–89 (2014), the failure to seek an expert does not satisfy the performance prong of *Strickland* where counsel chooses a strategy that does not require an expert. "*Strickland* . . . permits counsel to 'make a reasonable decision that makes particular investigations unnecessary.'" *Richter*, 562 U.S. at 106 (quoting *Strickland*, 466 U.S. at 691). In such circumstances, "[e]ven if it had been apparent that expert . . . testimony could support [a certain] defense, it would be reasonable to conclude that a competent attorney might elect not to use it." *Id*. at 108; *see also id*. at 111 ("*Strickland* does not enact Newton's third law for the presentation of evidence, requiring for every prosecution expert an equal and opposite expert from the defense."). And certainly "[a]n attorney need not pursue an investigation that . . . might be harmful to the defense." *Id*. at 108.

Here, Swaby's attorney had the discovery materials provided by the State, including the autopsy report with the ballistics evidence; and we see no claim by Swaby that his attorney failed to interview Wayne Clarke, the eyewitness to the shooting. The attorney's strategy was to pursue a justification defense. The State Supreme Court found that the currently-proposed expert witness would have undercut the defense strategy; the district court found that the forensic evidence was "perfectly consistent with Clarke's testimony" and that the currently-proposed expert's opinions "do not conflict with Clarke's testimony." *Swaby*, 2014 WL 1347204, at *16. In our view, fairminded jurists could conclude that a competent attorney could reasonably decline to seek expert testimony, anticipating that an expert's view would more likely undercut than aid the planned justification defense. Thus, giving the state court's rejection of this ineffective-assistance-of-counsel claim the doubly deferential consideration to which it is entitled, we cannot conclude that the court's rejection on the basis of its evaluation of counsel's performance was contrary to or an unreasonable application of the applicable principles established by the United States Supreme Court.

We see no error in the ruling of the district court that Swaby failed to show the prejudice necessary to warrant habeas relief. The State presented the testimony of an unbiased eyewitness that Swaby fired at Reynolds almost immediately after Reynolds left the club, contradicting Swaby's self-defense claim, and that Swaby continued firing repeatedly at Reynolds, even after Reynolds lay motionless on the ground. The testimony of other eyewitnesses corroborated that testimony in crucial respects. Forensic evidence confirmed that Reynolds was shot in the head five times, with two of those shots traveling in a downward direction, even though Swaby was several inches shorter than the victim. Thus, we agree with the district court that Swaby failed to demonstrate that, even if trial counsel had called a forensic expert, there was a "reasonable probability that the trier of fact would have rejected the entirety [of the main prosecution witness's testimony] as not credible," *Gersten v. Senkowski*, 426 F.3d 588, 612 (2d Cir. 2005). Finally, even if we were to conclude that the state court erred in finding that there were no deficiencies in trial counsel's performance, we could not conclude that the cumulative effect of any deficiencies, including the introduction of the underlying facts of a prior robbery committed by Swaby, "undermine[d] confidence in the outcome," *Strickland*, 466 U.S. at 694. Because

Swaby has failed to adequately show that his trial counsel's performance was constitutionally ineffective, he is not entitled to a writ of habeas corpus.

We have considered all of the arguments raised by Swaby on appeal and find them to be without merit. For the reasons stated above, the order of the district court denying relief is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk